UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHANA SANDLER, a resident of           )
High Point, County of Guilford,        )
State of North Carolina,               )
                                       )
        Plaintiff                      )      Case No. _____
                                       )
v.                                     )
                                       )
MIA CALCAGNI, a resident of            )
Winthrop, County of Kennebec,          )
State of Maine,                        )
                                       )
EMET GABAR,                            )
JOHN DOE and/or                        )
JANE DOE, Co-Authors,                  )
                                       )
BOOKSURGE, LLC, a South Carolina       )    **COMPLAINT AND DEMAND**
corporation with a place of business in )       **FOR JURY TRIAL**
Greenville, County of Greenville, State )
of South Carolina,                     )
                                       )
        Defendants                     )

Plaintiff Shana Sandler hereby complains as follows:

1.    Plaintiff is Shana Sandler, a resident of High Point, County of Guilford, State of North Carolina.

2.    Defendant Mia Calcagni is a resident of Winthrop, County of Kennebec, State of Maine.

3.    Defendant Emet Gabar is the stated author of a book entitled *Help Us Get Mia*.

4.    On information and belief, Defendants John and/or Jane Doe are the presently unidentified authors and/or co-authors of *Help Us Get Mia.*

5.    Defendant Booksurge, LLC is a South Carolina corporation with a place of business in Greenville, County of Greenville, State of South Carolina.

6.	This Court has jurisdiction over this matter under Title 28, *United States Code,* § 1332, because (a) it is a civil action; (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (c) it is an action between citizens of different states.

7.	Venue is proper in the District of Maine at Bangor pursuant to Rule 3(b) of the Local Rules of the United States District Court for the District of Maine, as the cause of action occurred, and at least one of the Defendants is domiciled, in Kennebec County, Maine.

8.	Plaintiff demands a trial by jury.

9.	On or about November 10, 2003, Defendant Mia Calcagni painted Swastikas on street signs on or about Route 41 in Winthrop, Maine in the area of the home of Plaintiff.  Said Defendant's intent was to intimidate, harass and otherwise harm Plaintiff, who is half-Jewish by virtue of the fact that Plaintiff's father is Jewish.

10.	Defendant was convicted of the crime of Class D criminal mischief as a result of the activities described in paragraph 9 of this Complaint.

11.	Defendant was also charged with violating the Maine Civil Rights Act by the Maine Attorney General as a result of the activities described in paragraph 9 of this Complaint. That prosecution resulted in Defendant Mia Calcagni entering into a Consent Agreement, a copy of which is attached as *Exhibit A*.

12.	In 2006, Defendants Emet Gabar, Mia Calcagni and/or Jane and/or John Doe collaborated to write a book entitled *"Help Us Get Mia."*  The book was published by Defendant Booksurge, LLC, and distributed by the Defendants throughout Maine and elsewhere in the United States.

13.	The said book contains many false and defamatory statements.

14. As a result of Defendant Mia Calcagni's actions described in paragraph 9 above and the publication of the false and defamatory statements in the book, *"Help Us Get Mia,"* Plaintiff has suffered substantial damages.

## COUNT I
### Intentional Infliction of Emotional Distress – Defendant Mia Calcagni

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16. Defendant Mia Calcagni's actions in painting swastikas on street signs in the area of Plaintiff's family home constitute intentional and/or reckless conduct, that inflicted serious emotional distress on Plaintiff or would be substantially certain to result in serious emotional distress on Plaintiff.

17. The conduct of Defendant Mia Calcagni was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

18. Plaintiff suffered serious emotional distress as a result of Defendant Mia Calcagni's conduct.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

## COUNT II
### Libel – All Defendants

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. Defendants Mia Calcagni, Emet Gabar, John and/or Jane Doe, individually and/or collaboratively, authored the book, *"Help Us Get Mia,"* and Defendant Booksurge, LLC published the said book, which contains false statements about Plaintiff.

21. The false statements were published by the Defendants to readers of the book.

22. The Defendants were negligent in publishing the false statements about Plaintiff.

23. Publication of the false statements caused harm to Plaintiff's reputation in the community.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

**COUNT III**
**Libel Per Se – All Defendants**

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Many of the statements published by Defendants in the book, *"Help Us Get Mia,"* constitute libel per se.

WHEREFORE, Plaintiff respectfully requests this Court to award damages against all Defendants, plus interest, costs and such other relief as it may deem just and proper.

**COUNT IV**
**Punitive Damages – All Defendants**

26. Plaintiff repeats and realleges paragraphs 1 through 25 as if fully set forth herein.

27. Defendant Mia Calcagni's actions, as described in paragraph 9, and the actions of all of the Defendants, in writing and publishing the false and defamatory statements in the book, *"Help Us Get Mia,"* were motivated by ill will toward Plaintiff. Alternatively, said Defendants engaged in conduct which was so outrageous that malice toward Plaintiff as a result of that conduct can be implied.

28. Plaintiff is entitled to an award of punitive damages against Defendants.

WHEREFORE, Plaintiff respectfully requests this Court to award damages against all Defendants, including punitive damages, plus interest, costs and such other relief as it may deem just and proper.

Dated at Bangor, Maine, this 27th day of February, 2007.

PLAINTIFF, Shana Sandler,

BY_____/s/ Bernard J. Kubetz_____
        Bernard J. Kubetz, Esq.
        Eaton Peabody
        P. O. Box 1210
        80 Exchange Street
        Bangor, Maine 04402-1210
        (207) 947-0111