UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| SHANA SANDLER, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:07-cv-00029 |
| | ) | |
| v. | ) | |
| | ) | |
| MIA CALCAGNI, ET AL | ) | |
| | ) | |
| Defendants | ) | |

### PLAINTIFF'S EX PARTE MOTION FOR ALTERNATE SERVICE AND FOR STATUS CONFERENCE WITH COURT REGARDING SERVICE ON DEFENDANTS, WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff moves the Court as follows:

1. Plaintiff Shana Sandler has filed a Complaint against Defendants based on Defendant Mia Calcagni's painting of swastikas on signs adjacent to Plaintiff's home and on the publication of a book entitled, *"Help Us Get Mia."* The Complaint alleges that the book was written and published by the Defendants. The other named Defendants are Emet Gabar, the stated author of the book; John Doe and/or Jane Doe, co-authors; and Booksurge, LLC, the book's publisher.

2. Defendant Mia Calcagni's current whereabouts are not known to Plaintiff's counsel. She grew up in Winthrop, Maine and her family home is in Winthrop, Maine. Mia Calcagni's date of birth is May 1, 1987. Her parents, Ralph and Maureen Calcagni, live at the family home. When the deputy sheriff attempted to serve Mia Calcagni by delivering the Summons and Complaint to her parents at the family home, they refused to answer the door. The deputy sheriff made three (3) attempts and then left the documents at the home. The deputy's affidavit is attached to the Affidavit of Bernard J. Kubetz as *Exhibit A*.

3. According to the Deputy Sheriff, Mia Calcagni may reside in Florida. See Affidavit, *Exhibit B*. However, our research into the Florida address provided by the Deputy reveals that it is an address for a fraternity house at the University of Central Florida. See Affidavit, *Exhibit C*.

4. Mia Calcagni holds a Maine real estate license. See Affidavit, *Exhibit D*. That license reveals that she is a resident of Winthrop and she is affiliated with the Thomas Real Estate Agency in Winthrop.

5. A check with the Bureau of Motor Vehicles indicates that Ms. Calcagni holds a Maine driver's license. See Affidavit, *Exhibit E*.

6. According to information provided by the Town of Winthrop, Mia Calcagni is a registered voter in that town. See Kubetz Affidavit.

7. Plaintiff requests that the Court determine that the service on Defendant Mia Calcagni was sufficient, based on the Deputy Sheriff's efforts as reflected in his affidavit, by delivering copies of the Complaint and Summons to her parents at their home in Winthrop, Maine, her last known place of abode. Alternatively, Plaintiff asks that the Court allow service to be made on Mia Calcagni by publication of an appropriate order in *The Capital Weekly*, a newspaper of general circulation in Kennebec County, the county in which Winthrop, Maine is located.

8. Rule 4(e)(1) of the Federal Rules of Civil Procedure provides that "service of an individual . . . may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located. . . ." Rule 4(g) of the Maine Rules of Civil Procedure provides that "[t]he court, on motion upon a showing that service cannot, with due diligence, be made by another prescribed method, shall order service by publication . . . ."

9. Defendant Emet Gabar is the named author of the book, *"Help Us Get Mia,"* which is the focus of Counts II, III and IV of the Complaint.

10. Service cannot, with due diligence, be made personally upon Defendant Emet Gabar for the reason that it appears that Emet Gabar is a fiction or a pen name for someone else; thus, the John and/or Jane Doe as referred to in the Complaint. Efforts to identify and locate Emet Gabar have been unsuccessful. The current whereabouts of a person by the name of Emet Gabar are unknown and cannot be established, all as set forth in the affidavit of Bernard J. Kubetz, attached hereto and made a part hereof. On information and belief, Maureen Calcagni, the mother of Mia Calcagni, has publicly stated that Emet Gabar does not exist and that the name is a pen name for some other person who actually wrote the book.

11. With respect to service upon Emet Gabar, if he really exists, and upon John and/or Jane Doe, the real author(s) of the subject book, Plaintiff requests that the Court allow Plaintiff to conduct limited discovery in an effort to ascertain the identity of the book's author(s). Plaintiff anticipates that discovery to include a document request and deposition of Defendant Booksurge, LLC, the publisher of the book, and depositions of Maureen Calcagni and Ralph Calcagni, who appear to have played a substantial role in the creation, promotion and marketing of the book and who appear to have substantial knowledge as to the identity of the book's author(s). Plaintiff anticipates that such discovery could be accomplished within sixty (60) days of the Court's order granting this Motion, assuming cooperation by Defendants Booksurge and Ralph and Maureen Calcagni with respect to the requested, limited discovery.

WHEREFORE, Plaintiff moves this Court to order that:

(a) service on Defendant Mia Calcagni by delivering copies of the Summons and Complaint to the home of her parents, Mia Calcagni's last known address, is sufficient;

(b) alternatively, Plaintiff be allowed by make service on Mia Calcagni by publication of an appropriate order in *The Capital Weekly*;

(c) Plaintiff be allowed to conduct limited discovery in an effort to ascertain the identity of the book's author(s).

Dated at Bangor, Maine, this 15th day of March, 2007.

PLAINTIFF, Shana Sandler,

BY  */s/ Bernard J. Kubetz*
    Bernard J. Kubetz, Esq.
    Eaton Peabody
    80 Exchange Street
    P. O. Box 1210
    Bangor, Maine 04402-1210
    (207) 947-0111