## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| SHANA SANDLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 07-cv-29-GZS |
| ) | |
| MIA CALCAGNI ) | |
| *et al.,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Before the Court is Plaintiff Shana Sandler's Motion to Dismiss Defendants Emet Gabar, John Doe and Jane Doe as Defendants and Join as Defendants Ralph Calcagni, Maureen Calcagni and Peter Mars, and to Amend Complaint. (Docket # 18.) Defendant Booksurge, LLC has filed a limited objection to the Motion. (Docket #19.) As briefly explained below, the Court GRANTS the Motion.

In this litigation, Plaintiff Sandler asserts various causes of action arising from the painting of swastikas on street signs near Plaintiff's residence and the publication of a book, *Help Us Get Mia*, which allegedly contains defamatory statements. On February 27, 2007, Plaintiff filed a four count complaint naming Mia Calcagni, Emet Gabar, John Doe, Jane Doe and Booksurge, LLC as defendants. On March 15, 2007, this Court granted Plaintiff limited discovery to ascertain the identity of the book's author or authors. (Docket # 5.) Through the Motion presently before the Court, Plaintiff essentially seeks to replace Emet Gabar, John Doe and Jane Doe with the alleged authors

1

of the book, Ralph Calcagni, Maureen Calcagni and Peter Mars, and thus, amend the complaint.

A motion to amend a complaint under Federal Rule of Civil Procedure 15(a) is evaluated by the Court based on the stage and timing of the litigation. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004). A plaintiff is allowed to amend a complaint once as a matter of course prior to the filing of a responsive pleading. Once a responsive pleading has been filed, however, the permission of the court or written consent of the defendant(s) is required. Pursuant to Rule 15(a), leave to amend a pleading "shall be freely given when justice so requires," unless the amendment "would be futile, or reward, inter alia, undue or unintended delay." Steir, 383 F.3d at 12. Further, Rule 15(a) requires that motions to amend be granted liberally by the Court. See Federal Deposit Ins. Corp. v. Consolidated Mortg. & Finance Corp., 805 F.2d 14, 16 (1st Cir. 1986).

Although Defendant Booksurge does not object to the Motion to the extent that it seeks to dismiss Emet Gabar, John Doe and Jane Doe as defendants and join Ralph Calcagni, Maureen Calcagni and Peter Mars, Booksurge does proffer a limited objection. Specifically, Booksurge asserts that the amended complaint fails to identify the precise language in the book that is defamatory. See e.g., Veilleux v. NBC, 8 F. Supp. 2d 23, 36 (D. Me. 1998) (limiting plaintiffs to statements asserted to be defamatory in the complaint and stating that plaintiffs "may not allege as defamatory any additional statements unless and until they amend their Complaint"). This argument, however, is not a valid basis to deny the present Motion but is more properly the subject of a separate motion.

In the present case, discovery has not commenced. Further, justice will be served by including the alleged authors of the book in a case where defamation is claimed. Because this case is at an early stage of litigation, the Court finds that leave to file an amended complaint will not cause undue delay or prejudice to the Defendants. Pursuant to the liberal standard of amending a complaint, the Court GRANTS Plaintiff's Motion to Dismiss Defendants Emet Gabar, John Doe and Jane Doe as Defendants and Join as Defendants Ralph Calcagni, Maureen Calcagni and Peter Mars, and to Amend Complaint. (Docket # 18.) Plaintiff shall file the Complaint as tendered via Exhibit A to Plaintiff's Motion (Docket # 18).

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 28th day of June, 2007.