UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANA SANDLER, | ) |
| | ) |
|       **Plaintiff** | ) |
| | ) |
| v. | )  Civil No. 07-29-GZS |
| | ) |
| | ) |
| MIA CALCAGNI, et al., | ) |
| | ) |
|       **Defendants** | ) |

**ORDER DENYING ATTACHMENT AND TRUSTEE PROCESS**

After notice to defendants Ralph Calcagni and Maureen Calcagni and hearing on affidavits, the court finds that the plaintiff has not sustained her burden of proving that it is more likely than not that she will recover judgment in this action against either or both of those defendants, including interest and costs, in an amount equal to or greater than $250,000.

With respect to liability, the plaintiff sets forth insufficient evidence to establish that Ralph Calcagni or Maureen Calcagni either (i) authored any of the allegedly defamatory statements in the book *Help Us Get Mia*, (ii) was the source of any of those statements, or (iii) otherwise acted with the requisite degree of culpability with respect to publication of those statements to establish liability for either libel or libel *per se*. *See Schoff v. York County*, 2000 ME 205, ¶ 7, 761 A.2d 869, 871 ("To prove defamation [a plaintiff] must establish that: (1) [the defendant] made a false and defamatory statement concerning her; (2) the statement was an unprivileged publication to a third party; (3) [the defendant] was at least negligent in making the statement; and (4) the publication caused special harm,

or the statement was such that special harm need not be shown."). Moreover, the plaintiff provides the court only with excerpts from the book – an insufficient basis on which to assess whether, in the context of the publication as a whole, the passages are in fact defamatory. *See id*. at ¶ 9 n.3, 871 n.3 ("In determining whether a statement is defamatory, the statement must be interpreted in its context, which includes the entire publication and all extrinsic circumstances known to the recipient.").

With respect to damages, the plaintiff proffers no claimed expenditures, financial losses, objective indicia of emotional distress or other evidence that would permit the court to do more than merely speculate as to the value of her claim. She accordingly has not shown it is more likely than not that, were she to prevail in her case against Ralph Calcagni and/or Maureen Calcagni, she would recover damages in amount equal to or greater than $250,000.

For these reasons, the plaintiff's amended motion for approval of attachment and trustee process (Docket No. 34) is **DENIED**.

Dated this 21st day of August, 2007.

/s/ David M. Cohen  
David M. Cohen  
United States Magistrate Judge