UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANA SANDLER, a resident of High Point, County of Guilford, State of North Carolina,<br><br>       Plaintiff<br><br>v.<br><br>MIA CALCAGNI, a resident of Winthrop, County of Kennebec, State of Maine,<br><br>RALPH CALCAGNI and MAUREEN CALCAGNI, husband and wife, residing in the Town of Winthrop, County of Kennebec, State of Maine,<br><br>PETER MARS, an individual residing in the Town of North Monmouth, County of Kennebec, State of Maine,<br><br>BOOKSURGE, LLC, a South Carolina corporation with a place of business in Greenville, County of Greenville, State of South Carolina,<br><br>       Defendants | Case No. 1:07-CV-00029<br><br><br><br><br><br><br><br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Plaintiff Shana Sandler hereby complains as follows:

1. Plaintiff is Shana Sandler, a resident of High Point, County of Guilford, State of North Carolina.

2. Defendant Mia Calcagni is a resident of Winthrop, County of Kennebec, State of Maine.

3. Defendants Ralph Calcagni and Maureen Calcagni are husband and wife and reside in the Town of Winthrop, County of Kennebec, State of Maine.

4. Defendant Peter Mars is a resident of North Monmouth, County of Kennebec, State of Maine.

5. Defendant Booksurge, LLC is a South Carolina corporation with a place of business in Greenville, County of Greenville, State of South Carolina.

6. This Court has jurisdiction over this matter under Title 28, *United States Code,* § 1332, because (a) it is a civil action; (b) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (c) it is an action between citizens of different states.

7. Venue is proper in the District of Maine at Bangor pursuant to Rule 3(b) of the Local Rules of the United States District Court for the District of Maine, as the cause of action occurred, and at least one of the Defendants is domiciled, in Kennebec County, Maine.

8. Plaintiff demands a trial by jury.

9. On or about November 10, 2003, Defendant Mia Calcagni painted Swastikas on street signs on or about Route 41 in Winthrop, Maine in the area of the home of Plaintiff. Said Defendant's intent was to intimidate, harass and otherwise harm Plaintiff, who is half-Jewish by virtue of the fact that Plaintiff's father is Jewish.

10. Defendant was convicted of the crime of Class D criminal mischief as a result of the activities described in paragraph 9 of this Complaint.

11. Defendant was also charged with violating the Maine Civil Rights Act by the Maine Attorney General as a result of the activities described in paragraph 9 of this Complaint. That prosecution resulted in Defendant Mia Calcagni entering into a Consent Agreement, a copy of which is attached as *Exhibit 1*.

12. In 2006, Defendants Ralph Calcagni, Maureen Calcagni, Mia Calcagni and Peter Mars collaborated to write a book entitled *"Help Us Get Mia."* The book was published by Defendant Booksurge, LLC, and distributed by the Defendants throughout Maine and elsewhere in the United States.

13. The said book contains many false and defamatory statements.

14. As a result of Defendant Mia Calcagni's actions described in paragraph 9 above and the publication of the false and defamatory statements in the book, *"Help Us Get Mia,"* Plaintiff has suffered substantial damages.

## COUNT I
## Intentional Infliction of Emotional Distress – Defendant Mia Calcagni

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if fully set forth herein.

16. Defendant Mia Calcagni's actions in painting swastikas on street signs in the area of Plaintiff's family home constitute intentional and/or reckless conduct, that inflicted serious emotional distress on Plaintiff or would be substantially certain to result in serious emotional distress on Plaintiff.

17. The conduct of Defendant Mia Calcagni was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable.

18. Plaintiff suffered serious emotional distress as a result of Defendant Mia Calcagni's conduct.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

## COUNT II
## Libel – All Defendants

19. Plaintiff repeats and realleges paragraphs 1 through 18 as if fully set forth herein.

20. Defendants Mia Calcagni, Ralph Calcagni, Maureen Calcagni and Peter Mars, individually and/or collaboratively, authored the book, *"Help Us Get Mia,"* and Defendant Booksurge, LLC published the said book, which contains false statements about Plaintiff.

21. The false statements were published by the Defendants to readers of the book.

22. The Defendants were negligent in publishing the false statements about Plaintiff.

23. Publication of the false statements caused harm to Plaintiff's reputation in the community, plus emotional distress and other related damages.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

## COUNT III
### Libel Per Se – All Defendants

24. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

25. Many of the statements published by Defendants in the book, *"Help Us Get Mia,"* constitute libel per se.

26. Publication of the false statements caused damages to Plaintiff, including damage to her reputation, emotional distress and other related damages.

WHEREFORE, Plaintiff respectfully requests this Court to award damages against all Defendants, plus interest, costs and such other relief as it may deem just and proper.

## COUNT IV
### False Light – All Defendants

27. Plaintiff repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. Defendants Mia Calcagni, Ralph Calcagni, Maureen Calcagni and Peter Mars, individually and/or collaboratively, authored the book, *"Help Us Get Mia,"* and Defendant Booksurge, LLC published the said book, which contains false statements about Plaintiff.

29. The Defendants published the false statements about Plaintiff with knowledge or in reckless disregard of their falsity.

30. Publication of the false statements placed Plaintiff in a false light that would be highly offensive to a reasonable person and caused her damages, including emotional distress and other related damages.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

## COUNT V
### Private Facts – All Defendants

31. Plaintiff repeats and realleges paragraphs 1 through 30 as if fully set forth herein.

32. Defendants Mia Calcagni, Ralph Calcagni, Maureen Calcagni and Peter Mars, individually and/or collaboratively, authored the book, *"Help Us Get Mia,"* and Defendant Booksurge, LLC published the said book, which contains private facts about Plaintiff.

33. The disclosure of these private facts would be highly offensive to a reasonable person and caused Plaintiff damages, including emotional distress and other related damages.

34. The disclosure of these private facts is not a legitimate concern of the public.

WHEREFORE, Plaintiff respectfully requests this Court to award damages, plus interest, costs and such other relief as it may deem just and proper.

## COUNT VI
### Punitive Damages – All Defendants

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Defendant Mia Calcagni's actions, as described in paragraph 9, and the actions of all of the Defendants, in writing and publishing the false and defamatory statements in the book, *"Help Us Get Mia,"* and in including private truthful facts about Plaintiff, were motivated by ill

will toward Plaintiff. Alternatively, said Defendants engaged in conduct which was so outrageous that malice toward Plaintiff as a result of that conduct can be implied.

37. Plaintiff is entitled to an award of punitive damages against Defendants.

WHEREFORE, Plaintiff respectfully requests this Court to award damages against all Defendants, including punitive damages, plus interest, costs and such other relief as it may deem just and proper.

Dated at Bangor, Maine, this 15th day of October, 2007.

PLAINTIFF, Shana Sandler,

BY     */s/ Bernard J. Kubetz*
Bernard J. Kubetz, Esq.
Eaton Peabody
P. O. Box 1210
80 Exchange Street
Bangor, Maine 04402-1210
(207) 947-0111
bkubetz@eatonpeabody.com

**CERTIFICATE OF SERVICE**

I, Bernard J. Kubetz, hereby certify that on October 15, 2007, I electronically filed the foregoing Second Amended Complaint with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Bruce Mallonee, Esq.
Rudman & Winchell, LLC
84 Harlow Street
P. O. Box 1401
Bangor, Maine 04402-1401
bmallonee@rudman-winchell.com

Steven P. Wright, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
steven.wright@klgates.com

Matthew J. Segal, Esq.
Stephen A. Smith, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
matthew.segal@klgates.com

J. William Druary, Jr., Esq.
Marden, Dubord, Bernier & Stevens
44 Elm Street
P. O. Box 708
Waterville, Maine 04903-0708
bdruary@mardendubord.com

            */s/ Bernard J. Kubetz*
            Bernard J. Kubetz