UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

|  |  |
|---|---|
| SHANA SANDLER, )<br>)<br>    Plaintiff )<br>)<br>v. )<br>)<br>MIA CALCAGNI, )<br>RALPH CALCAGNI, )<br>MAUREEN CALCAGNI, )<br>PETER MARS, )<br>and )<br>BOOKSURGE, LLC, )<br>)<br>    Defendants. )<br>) | Case No. 07-CV-00029-DBH |

## **AMENDED ANSWER AND CROSS-CLAIM OF DEFENDANT BOOKSURGE, LLC TO SECOND AMENDED COMPLAINT OF PLAINTIFF SHANA SANDLER**

Defendant BOOKSURGE, LLC ("BookSurge"), through its attorneys, Kirkpatrick & Lockhart Preston Gates Ellis, LLP, answers the Amended Complaint of Plaintiff SHANA SANDLER ("Sandler") as follows:

1. Answering Paragraph 1, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 1 of the Amended Complaint, which shall have the effect of a denial.

2. Answering Paragraph 2, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 2 of the Amended Complaint, which shall have the effect of a denial.

3. Answering Paragraph 3, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 3 of the Amended Complaint, which shall have the effect of a denial.

4. Answering Paragraph 4, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 4 of the Amended Complaint, which shall have the effect of a denial.

5. Answering Paragraph 5, BookSurge denies the allegations contained therein.

6. Answering Paragraph 6, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 6 of the Amended Complaint, which shall have the effect of a denial.

7. Answering Paragraph 7, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 7 of the Amended Complaint, which shall have the effect of a denial.

8. Answering Paragraph 8, this paragraph contains no factual allegations requiring a responsive pleading.

9. Answering Paragraph 9, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 9 of the Amended Complaint, which shall have the effect of a denial.

10. Answering Paragraph 10, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 10 of the Amended Complaint, which shall have the effect of a denial.

11. Answering Paragraph 11, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 11 of the Amended Complaint, which shall have the effect of a denial.

12. Answering Paragraph 12, BookSurge admits that it assisted in printing the book *Help Us Get Mia*; BookSurge denies all other allegations contained therein.

13. Answering Paragraph 13, BookSurge denies the same.

14. Answering Paragraph 14, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 14 of the Amended Complaint, which shall have the effect of a denial.

## COUNT I
## INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS -- DEFENDANT MIA CALCAGNI

15. Answering Paragraph 15, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 14.

16. Answering Paragraph 16, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 16 of the Amended Complaint, which shall have the effect of a denial.

17. Answering Paragraph 17, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 17 of the Amended Complaint, which shall have the effect of a denial.

18. Answering Paragraph 18, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 18 of the Amended Complaint, which shall have the effect of a denial.

## COUNT II
## LIBEL – ALL DEFENDANTS

19. Answering Paragraph 19, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 18.

20. Answering Paragraph 20, BookSurge admits that it assisted in printing the book *Help Us Get Mia*, but is without sufficient knowledge to answer the other allegations contained in Paragraph 20 of the Amended Complaint, which shall have the effect of a denial.

21. Answering Paragraph 21, BookSurge denies the same.

22. Answering Paragraph 22, BookSurge denies the same.

23. Answering Paragraph 23, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 23 of the Amended Complaint, which shall have the effect of a denial.

## COUNT III
## LIBEL PER SE – ALL DEFENDANTS

24. Answering Paragraph 24, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 23.

25. Answering Paragraph 25, BookSurge denies the same.

26. Answering Paragraph 26, BookSurge denies the same.

## COUNT IV
## FALSE LIGHT – ALL DEFENDANTS

27. Answering Paragraph 27, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 26.

28. Answering Paragraph 28, BookSurge admits that it assisted in printing the book *Help Us Get Mia*, but is without sufficient knowledge to answer the other allegations contained in Paragraph 28 of the Amended Complaint, which shall have the effect of a denial.

29. Answering Paragraph 29, BookSurge denies the same.

30. Answering Paragraph 30, BookSurge denies the same.

## COUNT V
## PRIVATE FACTS – ALL DEFENDANTS

31. Answering Paragraph 31, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 30.

32. Answering Paragraph 32, BookSurge admits that it assisted in printing the book *Help Us Get Mia*, but is without sufficient knowledge to answer the other allegations contained in Paragraph 32 of the Amended Complaint, which shall have the effect of a denial.

33. Answering Paragraph 33, BookSurge denies the same.

34. Answering Paragraph 34, BookSurge denies the same.

## COUNT VI
## PUNITIVE DAMAGES – ALL DEFENDANTS

35. Answering Paragraph 35, BookSurge reincorporates its admissions and denials as set forth in paragraphs 1 through 34.

36. Answering Paragraph 36, BookSurge is without sufficient knowledge to answer the allegations contained in Paragraph 36 of the Amended Complaint regarding the actions or motivations of Mia Calcagni and the other Defendants, which shall have the effect of a denial; BookSurge denies all other allegations contained therein.

37. Answering Paragraph 37, BookSurge denies the same.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any affirmative defense, which burden BookSurge expressly disclaims, BookSurge states as affirmative defenses the following:

1. <u>Failure to State a Claim.</u>  Sandler has failed to state a claim for which relief can be granted.

2. <u>Insufficiency of Service of Process.</u>  Sandler's claims are barred by the insufficiency of service of process.

3. <u>Privileges and Immunities.</u>  Sandler's claims are barred by one or more privileges.

4. <u>Truth.</u>  Sandler's claims are barred to the extent that the allegedly defamatory statements are true.

5. <u>Constitutional Bar.</u>  Sandler's claims are barred by the provisions of the Constitutions of the United States and the State of Maine.

6. <u>Failure to Mitigate Damages.</u>  Sandler's damages, if any, are reduced or barred by her failure to mitigate damages.

7. <u>Comparative Fault/Negligence.</u>  To the extent that Sandler's claims are or may be recognized under negligence principles, they are reduced by her own comparative fault or negligence.

8. <u>Conduct of Third Parties.</u>  Sandler's claims were caused by the conduct of one or more third parties not under the control of BookSurge.

9. <u>Waiver, Laches and Estoppel.</u>  Sandler's claims are barred by her own conduct, including acts constituting waiver, laches and/or estoppel.

10. <u>Failure to Plead with Particularity.</u>  Sandler's claims are barred by her failure to identify any allegedly libelous statements.

11. <u>Statute of Limitations</u>.  Sandler's claims are barred by applicable statutes of limitations.

12. <u>Fault</u>.  Sandler's claims for actual, presumed and/or punitive damages are reduced or barred by the lack of requisite fault of BookSurge.

13. <u>Protected Opinion.</u>  Sandler's claims are barred to the extent that the allegedly defamatory statements are protected statements of opinion.

## **CROSS-CLAIM FOR INDEMNITY AGAINST DEFENDANTS RALPH AND MAUREEN CALCAGNI BY BOOKSURGE, LLC**

1. Cross-claimant BookSurge, LLC, now known as On Demand Publishing, LLC, is a Delaware limited liability company.

2. Defendants Ralph and Maureen Calcagni established an on-line account through BookSurge for the printing of a book entitled *Help Us Get Mia*.

3. The first page of all BookSurge on-line accounts includes the following notation: "Note:  By using the BookSurge GPS, you consent to all terms and conditions set forth in the agreement.  Click here to view your <u>agreement</u>."

4. Attached as Exhibit A is a true and correct copy of the BookSurge Author Publishing Agreement linked to the first page of all BookSurge on-line accounts.

5. In the Author Publishing Agreement, the "Author" warrants that "the WORK is not defamatory or obscene, or in any other way illegal". For the purposes of the Author Publishing Agreement, Ralph and Maureen Calcagni are the "Author" and BookSurge is the "Publisher".

6. The Author Publishing Agreement includes an Indemnification Clause, in which the "AUTHOR agrees to fully indemnify, defend and hold harmless the PUBLISHER and its AFFILIATES from and against any losses, lost profits, damages, liabilities, judgments, awards, decrees, settlements, or expenses (including without limitation, reasonable attorney's fees and court costs) arising from, connected with, or by reason of any breach or alleged breach of any of the representations and warranties set forth above . . . ."

7. To the extent that BookSurge is found liable for any of the claims asserted against BookSurge by Sandler, Ralph and Maureen Calcagni are bound to indemnify BookSurge and its Affiliates for any judgments, costs or attorneys' fees resulting from this suit.

## REQUEST FOR RELIEF

WHEREFORE, BookSurge prays for the following relief:

1. Sandler's Second Amended Complaint be dismissed with prejudice;

2. BookSurge's Cross-claim be ruled on in favor of BookSurge;

3. BookSurge be awarded its costs and reasonable attorneys' fees under all applicable statutes, court rules and recognized grounds of equity; and

4. BookSurge be awarded such other and further relief as the Court may deem just and equitable.

> BOOKSURGE, LLC
> By its attorneys,
>
> /s/ Steven P. Wright
> Steven P. Wright (ME BBO# 009473)
> Kirkpatrick & Lockhart Preston
>  Gates Ellis LLP
> State Street Financial Center
> One Lincoln Street
> Boston, MA 02111-2950
>
> Stephen A. Smith (Pro Hac Vice)
> Matthew J. Segal (Pro Hac Vice)
> Kirkpatrick & Lockhart Preston
>  Gates Ellis LLP
> 925 Fourth Avenue, Suite 2900
> Seattle, Washington 98104-1158

October 29, 2007

## **CERTIFICATE OF SERVICE**

       I hereby certify that on October 29, 2007, I electronically filed the Amended Answer and Cross-Claim of Defendant BookSurge, LLC to Second Amended Complaint of Plaintiff Shana Sandler with the Clerk of Court using the CM/ECF system which will send notification of such filings to the following counsel of record:

    Bernard J. Kubetz, Esq.
    Eaton Peabody
    80 Exchange Street
    P.O. Box 1210
    Bangor, ME  04401-1210

    Bruce Mallonee, Esq.
    Rudman & Winchell, LLC
    84 Harlow Street
    P.O. Box 1401
    Bangor, ME  04402-1401

    J. William Druary, Jr., Esq.
    Marden, Dubord, Bernier & Stevens
    44 Elm Street
    P.O. Box 708
    Waterville, ME  04903

                                     /s/ Steven P. Wright
                                     Steven P. Wright