## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |
|---|---|
| SHANA SANDLER, | ) |
| Plaintiff | ) Case No. 1:07-cv-00029 |
| vs. | ) |
| MIA CALCAGNI, RALPH CALCAGNI, MAUREEN CALCAGNI, PETER MARS, and BOOKSURGE, LCC, | ) |
| Defendants | ) |

### AMENDED ANSWER TO SECOND AMENDED COMPLAINT AND CROSS-CLAIM BY DEFENDANT PETER MARS

1. Answering paragraph 1, defendant admits the allegations contained therein.

2. Answering paragraph 2, defendant admits the allegations contained therein.

3. Answering paragraph 3, defendant admits the allegations contained therein.

4. Answering paragraph 4, defendant admits the allegations contained therein.

5. Answering paragraph 5, defendant admits the allegations contained therein.

6. Paragraph 6 states a legal conclusion which does not require a response. Denied to the extent necessary.

7. Paragraph 7 states a legal conclusion which does not require a response. Denied to the extent necessary.

8. Paragraph 8 sets forth a request by plaintiff to which no response is required.

9. Answering paragraph 9, defendant denies the allegations contained therein.

10. Answering paragraph 10, defendant admits that Mia Calcagni was convicted of some form of juvenile offense. The remaining allegations are denied.

1

11. Answering paragraph 11, defendant admits that the Attorney General of the State of Maine brought an action on behalf of the State of Maine that resulted in a consent decree. The remaining allegations are denied.

12. Answering paragraph 12, defendant denies the allegations contained therein.

13. Answering paragraph 13, defendant denies the allegations contained therein.

14. Answering paragraph 14, defendant denies the allegations contained therein.

## COUNT I
### Intentional Infliction of Emotional Distress – Defendant Mia Calcagni

This count is directed toward another defendant and does not require a response from defendant Peter Mars. Denied to the extent necessary.

## COUNT II
### Libel – All Defendants

19. Defendant repeats and realleges answers to allegations 1-18 as though repeated herein verbatim.

20. Answering paragraph 20, defendant denies the allegations contained therein.

21. Answering paragraph 21, defendant denies the allegations contained therein.

22. Answering paragraph 22, defendant denies the allegations contained therein.

23. Answering paragraph 23, defendant denies the allegations contained therein.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed, for costs and for such other and further relief as the Court deems just and proper.

## COUNT III
### Libel Per Se – All Defendants

24. Defendant repeats and realleges answers to allegations 1-23 as though repeated herein verbatim.

25. Answering paragraph 25, defendant denies the allegations contained therein.

26. Answering paragraph 26, defendant denies the allegations contained therein.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed, for costs and for such other and further relief as the Court deems just and proper.

## COUNT IV
### False Light – All Defendants

27. Defendant repeats and realleges answers to allegations 1-26 as though repeated herein verbatim.

28. Answering paragraph 28, defendant denies the allegations contained therein.

29. Answering paragraph 29, defendant denies the allegations contained therein.

30. Answering paragraph 30, defendant denies the allegations contained therein.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed, for costs and for such other and further relief as the Court deems just and proper.

## COUNT V
### Private Facts – All Defendants

31. Defendant repeats and realleges answers to allegations 1-30 as though repeated herein verbatim.

32. Answering paragraph 32, defendant denies the allegations contained therein.

33. Answering paragraph 33, defendant denies the allegations contained therein.

34. Answering paragraph 34, defendant denies the allegations contained therein.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed, for costs and for such other and further relief as the Court deems just and proper.

## COUNT VI
### Punitive Damages – All Defendants

35. Defendant repeats and realleges answers to allegations 1-34 as though repeated herein verbatim.

36. Answering paragraph 36, defendant denies the allegations contained therein.

37. Answering paragraph 37, defendant denies the allegations contained therein.

WHEREFORE, defendant requests that plaintiff's complaint be dismissed, for costs and for such other and further relief as the Court deems just and proper.

**FIRST AFFIRMATIVE DEFENSE**
Each count of plaintiff's complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
Plaintiff may have failed to mitigate her damages.

**THIRD AFFIRMATIVE DEFENSE**
Any statements made were true.

**FOURTH AFFIRMATIVE DEFENSE**
Any statements made were the subject of a legal privilege.

**FIFTH AFFIRMATIVE DEFENSE**
Any statements made were privileged because they were opinions.

**SIXTH AFFIRMATIVE DEFENSE**
Any statements made were privileged because they amounted to a fair comment on a matter of public interest.

**SEVENTH AFFIRMATIVE DEFENSE**
Any statements made were protected by the Constitutions of the United States and of the State of Maine.

**EIGHTH AFFIRMATIVE DEFENSE**
Plaintiff's damages must be reduced, or plaintiff's claim must be barred, because she was comparatively negligent.

**NINTH AFFIRMATIVE DEFENSE**
Plaintiff's claims are barred by conduct constituting waiver, latches, estoppel or other act or failure on her part that is legally preclusive of the relief she seeks.

**TENTH AFFIRMATIVE DEFENSE**
Plaintiff's claims are barred by any applicable Statute of Limitations.

**ELEVENTH AFFIRMATIVE DEFENSE**
Plaintiff's claims are barred due to intervening and/or supervening conduct of persons or entities other than defendant Peter Mars.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant Peter Mars did not communicate or publish any of the alleged defamatory statements.

## DEFENDANT PETER MARS' CROSS-CLAIM AGAINST DEFENDANTS MIA CALCAGNI, RALPH CALCAGNI, and MAUREEN CALCAGNI

Defendant/Cross-Claimant Peter Mars respectfully represents that:

1. He is a resident of Monmouth, County of Kennebec, State of Maine.

2. Defendants Mia Calcagni, Ralph Calgani, and Maureen Calcagni are residents of Winthrop, County of Kennebec, State of Maine.

3. He is a defendant in action brought against him by Shana Sandler for damages that were allegedly caused by the publication of the book *"Help Us Get Mia."* The allegations contained in the Plaintiff's Second Amended Complaint are incorporated herein by reference.

4. He entered into an agreement with Mia Calcagni, Ralph Calgani, and Maureen Calcagni ("the Calganis") to assist them in their writing of the book *"Help Us Get Mia."* He agreed to assist the Calcagnis by transcribing the materials provided by the Calcagnis into manuscript form and arranging those materials for continuity and editing them for any grammatical errors.

5. The Plaintiff's injuries, if any, were proximately caused or contributed to by Mia Calcagni, Ralph Calgani, and Maureen Calcagni.

6. In the event that Peter Mars is found liable to the Plaintiff, he is entitled to contribution from Mia Calcagni, Ralph Calgani, and Maureen Calcagni in an amount equal to their proportionate share of fault.

7. In the event that Peter Mars is found liable to the Plaintiffs, he is due indemnity from Mia Calcagni, Ralph Calgani, and Maureen Calcagni for any damages, if any, that resulted from their actions.

WHEREFORE, Peter Mars demands judgment against Mia Calcagni, Ralph Calgani, and Maureen Calcagni in such amount as he may be found liable to the Plaintiff, and for its costs and attorney's fees.

Dated at Waterville, Maine, this 2nd day of November 2007.

/s/ J. William Druary, Jr.
_____
J. William Druary, Jr., Esquire
Attorney for Defendant Peter Mars

MARDEN, DUBORD, BERNIER & STEVENS
44 Elm Street, P.O. Box 708
Waterville, ME 04903-0708
(207) 873-0186