UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SHANA SANDLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civ. No. 07-29-B-S |
| | ) | |
| MIA CALCAGNI *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**REPORT OF TELEPHONE CONFERENCE
AND ORDER**

I held a telephone conference at Bangor, Maine, on March 11, 2008, commencing at 4:00 p.m. and concluding at 4:40 p.m., with the following counsel participating:

J. William Druary, Jr., Esq., for Defendant Peter Mars

Bernard Kubetz, Esq., for Plaintiff

Matthew J. Segal, Esq., for Defendant Booksurge LLC.

Counsel for Defendants Ralph and Maureen Calcagni voluntarily abstained from participation in the telephone conference, according to Attorney Kubetz's representation.

Mr. Kubetz initially requested this conference to address a concern that Defendant Booksurge may not have produced a signed copy of the terms and conditions of an author publishing agreement with Mr. Calcagni. Booksurge has produced only an unsigned, form author publishing agreement that, according to Booksurge's Rule 30(b)(6) corporate designee, contains relevant written terms and conditions. Mr. Segal was able to represent that there is no signed agreement available in his client's files, which for all practical purposes resolves the

discovery matter, and that the form agreement is the document responsive to the discovery request. Mr. Segal and the 30(b)(6) deponent indicated that there is a remote possibility of some amendment to the terms of that agreement made pursuant to website notices, but he does not believe any website amendment is applicable to the dates in question. Mr. Segal has agreed to confirm that every relevant document in Booksurge's possession, including updates, has been provided and will do so by March 14, 2008.

In addition to the discovery matter, this conference addressed a confidentiality concern raised by the Plaintiff apropos the record that Defendant Booksurge may file in support of its anticipated summary judgment motion. After considerable discussion about the types of documents Booksurge might file in support of its motion, I indicated that any documents that had not been marked as confidential pursuant to the confidentiality order entered in this case would not be subject to the provisions of that order and need not be redacted or filed under seal as far as this court is concerned. However, Mr. Kubetz suggested that some of the documents produced through discovery were subject to state confidentiality provisions as a matter of statutory law. I extended Booksurge's deadline to file its dispositive motion until March 17, 2008, in order to enable Mr. Segal and Mr. Kubetz to confer about the supporting exhibits Mr. Segal intends to file with his motion. Perhaps they will agree that certain documents should be redacted to comply with federal e-privacy concerns or should, by agreement, be marked as confidential. However, I indicated that exhibits such as plaintiff's entire *three-day* deposition cannot be filed under seal, nor can MySpace web pages, available on the Internet, nor can exhibits already filed and available on the public docket of this case.

CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

    March 12, 2008
    /s/ Margaret J. Kravchuk
    U.S. Magistrate Judge