UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

| | |
|---|---|
| SHANA SANDLER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MIA CALCAGNI, )<br>RALPH CALCAGNI, )<br>MAUREEN CALCAGNI, )<br>PETER MARS, )<br>and )<br>BOOKSURGE, LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:07-CV-00029-GZS |

### **BOOKSURGE, LLC'S MOTION FOR SUMMARY JUDGMENT**
### **ON CROSS-CLAIM OF DEFENDANTS RALPH AND MAUREEN CALCAGNI**
### **AND INCORPORATED MEMORANDUM OF LAW**

Defendant BookSurge, LLC ("BookSurge") moves for summary judgment on the cross-claim of Defendants Ralph and Maureen Calcagni (the "Calcagnis") pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7 and 56, as there are no genuine issues of material fact and BookSurge is entitled to judgment as a matter of law on the cross-claim.

## I. INTRODUCTION

The Calcagnis and Peter Mars wrote a book (*Help Us Get Mia*) about school and police investigations into a dispute between Mia Calcagni, the daughter of Ralph and Maureen, and Plaintiff Shana Sandler. BookSurge, LLC's Statement of Material Facts

1

("BSMF")[1] ¶¶ 65 – 67. BookSurge, a "print on demand" company, converted the PDF manuscript into book format. BSMF ¶¶ 68, 71-72. Ms. Sandler sued the Calcagnis, Mia Calcagni, Peter Mars and BookSurge, claiming intentional infliction of emotional distress, libel, libel per se, false light invasion of privacy, private facts invasion of privacy, and punitive damages. BSMF ¶ 95. On November 9, 2007, the Calcagnis filed a cross-claim for indemnity and contribution against BookSurge. *See* Declaration of Matthew J. Segal ("Segal Decl."), ¶ 51 & Ex. GG. BookSurge seeks summary judgment on the Calcagnis' cross-claim on the following grounds: (1) there was no contract between BookSurge and the Calcagnis requiring BookSurge to indemnify the Calcagnis; (2) although BookSurge disputes any liability to Ms. Sandler, at most, BookSurge would be a passive tortfeasor, and therefore, cannot be required to indemnify the Calcagnis on a tort-based theory of indemnification; and (3) because BookSurge is not liable as a matter of law for any of Ms. Sandler's claims, it cannot be liable for contribution to the Calcagnis as an alleged joint tortfeasor.[2]

---

[1] BookSurge filed its Motion for Summary Judgment on All Claims of Plaintiff Shana Sandler and Incorporated Memorandum of Law on March 17, 2008. BookSurge also filed a Statement of Material Facts, Declaration of Matthew J. Segal, and Declaration of David Symonds to support its motion for summary judgment against Ms. Sandler. This motion for summary judgment relies on the same Statement of Material Facts and the Segal and Symonds declarations.

[2] In addition, the Calcagnis' cross-claim against BookSurge should be dismissed because it was filed after the deadline set in the Court's scheduling order for amendment of pleadings and joinder of parties. The Court's scheduling order set October 30, 2007, as the deadline for amendment of pleadings (*see* Segal Decl., Ex. FF) and the Calcagnis

## II. ARGUMENT

**A. BookSurge Is Not Liable to Indemnify the Calcagnis Under Either a Contract- or Tort-Based Theory of Indemnification.**

The Calcagnis are not entitled to indemnification by BookSurge under either a contract or tort theory. Under Maine law, a joint tortfeasor's right to indemnity may arise in three circumstances:

(1) where there is express agreement; or

(2) where a contractual right of indemnification may be implied from the nature of the relationship between the parties; or

(3) a tort-based right to indemnity may be found when there is a great disparity in the fault of the parties.

*Emery v. Hussey Seating Co.*, 1997 ME 162, ¶ 10, 697 A.2d 1284, 1287 (citing *Araujo v. Woods Hole*, 693 F.2d 1, 2 (1st Cir. 1982)).

The Calcagnis cannot demonstrate a right to indemnification based on the first two contractual-based theories. There is no contract between the Calcagnis and BookSurge requiring BookSurge to indemnify the Calcagnis. *See* BSMF ¶ 94; Declaration of David Symonds ("Symonds Decl."), ¶ 11. Furthermore, no contractual right of indemnification can be implied based on the relationship between BookSurge and the Calcagnis. BookSurge's authors and customers pay BookSurge for printing and binding services. BSMF ¶ 14. BookSurge does not review any submissions for content.

---

filed their cross-claim against BookSurge on November 9, 2007 (*see* Segal Decl., Ex. GG).

3

BSMF ¶¶ 18, 69, 89 – 90.[3] As explained by Ralph Calcagni in his deposition, he did not contract with BookSurge for any fact checking or editorial services, and he did not expect BookSurge to provide any. BSMF ¶ 77. Ralph Calcagni also testified that he did not expect BookSurge to be liable with respect to the content of *Help Us Get Mia*.[4] The Calcagnis cannot now claim that a contractual relationship for indemnification can be implied.

Because the Calcagnis have no contractual basis for claiming indemnity, their only option in Maine is to rely on a tort-based right. The Calcagnis cannot succeed on a tort-based claim for indemnity against BookSurge because if any party is liable at all to Ms. Sandler, the Calcagnis are the more culpable party and BookSurge would, at most, be a passive tortfeasor. Under a tort-based theory of indemnification, indemnification is appropriate where one tortfeasor is merely "passive," while the other is "active." *Emery*, 1997 ME 162, ¶ 12, 697 A.2d at 1288. Passive tortfeasors are those whose liability arises merely from their failure to discover or prevent the misconduct of another. *Id.* Here, the Calcagnis cannot qualify as the "passive" tortfeasor entitled to indemnification. Rather if BookSurge was negligent at all, and it disputes that it was, its negligence would be based

---

[3] In the event that a BookSurge author or customer wishes to purchase technical editing services, these services are limited to a review of grammar and are outsourced and performed by another, unaffiliated entity. BSMF ¶¶ 19 – 20.

[4] Ralph Calcagni testified regarding his expectations of BookSurge during his November Deposition:

> Q. Did you ever have a discussion with BookSurge about liability for the book? A. No. Q. Did you expect that BookSurge would be assuming any liability with respect to what you and Mr. Mars wrote in the book? MR. KUBETZ: Objection to the extent that it calls for a legal conclusion. MR. SEGAL: I'm asking for your understanding, Mr. Calcagni, just to be clear. THE WITNESS: I didn't expect same. I didn't know whether or not there was any provision for liability or protection for liability. But I can't say I expected it of BookSurge, no.

4

solely on its alleged "failure to discover or prevent" the publishing of libelous statements or statements that revealed private facts about Ms. Sandler by the Calcagnis and Peter Mars, the authors of *Help Us Get Mia*.[5] BSMF ¶¶ 65 – 67. The Calcagnis are the "active" tortfeasors in this case, not "passive" tortfeasors entitled to indemnification.

The Calcagnis cannot support a claim for contract-based indemnity when there was no contract providing for indemnification, they have explicitly stated that they did not expect BookSurge to bear any liability for the printing of *Help Us Get Mia*, and they did not pay for or expect any review of *Help Us Get Mia*. The Calcagnis cannot support a claim for tort-based indemnity where it is clear that they were the "active" tortfeasors, and if liable at all, BookSurge was no more than a "passive" tortfeasor.

**B.     The Calcagnis Contribution Cross-claim Fails Because BookSurge Should Be Dismissed from this Litigation.**

BookSurge filed a Motion for Summary Judgment on All Claims of Plaintiff Shana Sandler concurrently with this motion. Contribution claims are appropriate only where both tortfeasors share a common liability. *See Thermos Co. v. Spence*, 1999 ME 129, ¶ 13, 735 A.2d 484, 487 ("A defendant in a contribution action cannot be required to contribute to damages owed by another tortfeasor unless the contribution defendant has been found to have been a cause of the damages to the original injured party through the contribution defendant's own negligence."); *Emery*, 1997 ME 162, ¶14, 697 A.2d at 1288. If the Court grants BookSurge's summary judgment motion and dismisses all of

---

Segal Decl., Ex. I (Nov. 2007 R. Calcagni Deposition at 111:1-14).

[5] BookSurge and its employees: (1) do not read or review the manuscripts they print; (2) did not read or review the manuscript submitted to them by Ralph Calcagni; (3) knew nothing about the substance of the book; (4) knew nothing about the individuals involved with the events described in the book; and (5) had not received any information that

5

Ms. Sandler's claims against it, BookSurge is not a joint tortfeasor and the Court must dismiss the Calcagnis' cross-claim for contribution against BookSurge.

### III. CONCLUSION

BookSurge respectfully requests that the Court grant its motion for summary judgment on the cross-claim of Defendants Ralph and Maureen Calcagni.

Respectfully submitted,

BOOKSURGE, LLC

By its attorneys,

/s/ Harold J. Friedman
Harold J. Friedman
Friedman, Gaythwaite, Wolf & Leavitt
P.O. Box 4726
6 City Center
Portland, ME 04112

Stephen A. Smith (Pro Hac Vice)
Matthew J. Segal (Pro Hac Vice)
Kari Vander Stoep (Pro Hac Vice)
Kirkpatrick & Lockhart Preston
  Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158

March 17, 2008

K:\2040741\00191\20743_KLV\20743P20EN

---

would cause them to question the factuality of any of the statements in *Help Us Get Mia*. BSMF ¶¶ 69, 89 – 93.