UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

SHANA SANDLER,           )
                         )
       Plaintiff          )
                         )
v.                       )     Civil No. 07-29-B-H
                         )
MIA CALCAGNI, et al.,    )
                         )
       Defendants         )

REPORT OF TELEPHONE CONFERENCE
AND ORDER

      I held a telephone conference at Bangor, Maine, on Wednesday, March 19, 2008, commencing at 3:00 p.m. and concluding at 3:30 p.m., with the following counsel participating:

    Bernard J. Kubetz, Esq. for Plaintiff

    Bruce C. Mallonee, Esq. for Defendant Mia Calcagni

    Mathew Segal, Esq. for Defendant Booksurge, LLC

    William Kelleher, Esq. for Defendant Mars

    Counsel for Defendant Booksurge requested this conference. Counsel reported that in the filing of its motion for summary judgment some disagreements arose between Defendant Booksurge and Plaintiff regarding sealed pleadings. Counsel for Booksurge indicated he wanted to bring this to the attention of the court for guidance in this pleading and in future filings. There was much discussion about this issue. I finally indicated that there was nothing in the pleadings before me that would cause me to sua sponte order that any additional pleadings be sealed.

I did order that if any party thinks something that is publically available on this docket or is anticipated to be placed on this docket should be sealed pursuant to some specific statutory provision outside the terms of the Confidentiality Order in place, that party shall file a motion to seal by April 14, 2008, and the party filing such a motion will have the burden of establishing why this document should be placed under seal. In the absence of a motion, the court intends to take no action sealing any document. I certainly have no reason to believe the terms of the Confidentiality Order have been violated. A party who produced a document or had a document produced to it during discovery that the party believed should have been treated as confidential under the confidentiality order, had an obligation, at that time, to convey its concern to the other parties pursuant to the mechanism described in ¶ 2 of the confidentiality order. (Doc. No. 83). This issue should not have arisen at the time motions were due to be filed with the court.

There currently are four motions for summary judgment pending. At the parties' requests and with no objection from any party, I have extended the response deadlines to all of these motions by one week as follows:

Booksurge's response to Docket No. 87 is due no later than April 2, 2008;

Plaintiff's response to Docket No. 96 is due no later than April 14, 2008;

Calcagni's response to Docket No. 97 is due no later than April 14, 2008;

Plaintiff's response to Docket No. 104 is due no later than April 14, 2008.

## CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

Dated March 19, 2008		/s/ Margaret J. Kravchuk
			U.S. Magistrate Judge