UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| **SHANA SANDLER,** | ) ) ) | |
| Plaintiff | ) ) | Case No. 1:07-cv-00029 |
| vs. | ) ) ) | |
| **MIA CALCAGNI, RALPH CALCAGNI, MAUREEN CALCAGNI, PETER MARS, and BOOKSURGE, LCC,** | ) ) ) ) | |
| Defendants | ) ) ) | |

### PETER MARS' RESPONSE TO DEFENDANT BOOKSURGE, LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendant Peter Mars ("Mars") joined and adopted by reference the arguments contained in the Motion for Summary Judgment on all claims of Plaintiff Shana Sandler and Incorporated Memorandum of Law filed by Defendant Booksurge, LLC ("Booksurge"), with the exception of the arguments made in Section III(A) thereof. Mars took no position on the arguments advanced in Section III(A) and did not join or adopt the arguments advanced therein only because the arguments were not applicable to the claims against him.

Booksurge's Statement of Material Facts in support of the Motion includes five statements – numbers 11, 66, 67, 78 and 79 – that relate specifically to Mars. Of the five statements, numbers 11, 78 and 79 are not cited in the Motion and Incorporated Memorandum of Law. Statement numbers 66 and 67 are cited within the "FACTS" section of the Motion, but are not cited within the "ARGUMENT" section. See Motion, p. 5. The five statements that pertain to Mars are irrelevant to the arguments contained in the Motion and are unnecessary to its decision. The Motion may be decided as a matter of law without a factual finding on any of the

aforementioned five statements. For that reason, pursuant to District of Maine Local Rule 56(e), Mars requests that statement numbers 11, 66, 67, 78 and 79 not be considered by the court and be stricken.

Pursuant to District of Maine Rule 56(e), without prejudice to the court's determination of the request to strike statements 11, 66, 67, 78 and 79, Mars responds to the statements as follows:

11. Defendant Peter Mars is a retired police officer and author from North Monmouth, Maine. Segal Decl., Ex. K (Jan. 2008 Peter Mars Deposition ("Mars Dep.") at 6:19-25 – 7:1-3).

ADMITTED.

66. The Calcagnis hired a local author, defendant Peter Mars, in April 2005 to help them write a book based on the documents they had collected from the various school, police and attorney general investigations and court proceeding involving their daughter. *See* R. Calcagni Dep. I at 10:19-25 – 11:1-16, 17:15-25 – 18:1-11; M. Calcagni Dep. I at 30:19-25 – 31:1-10, 41:9-25 – 42:1-9, 113:14-18, 135:13-15 – 136:1-15, 151:4-16.

DENIED. *See* Exhibit A at 20:8-16 ("Q: And how much did you charge [the Calcagnis]? A: $3,000. Q: And what was involved in that charge? What did they get for $3,000? A: I would take the material that they gave me, transcribe it onto the computer, put it in the order that seemed to make the most sense, making sure that the grammar was correct, and then return it to them for their approval. And that was it."), 26:4-6 ("Q: You – it's my understanding that it's your position that you were not the author of this book; is that correct? A: That is correct.").

67. The Calcagnis and Mars produced a manuscript titled *Help Us Get Mia*, most of which was a compilation of excerpts from the police reports, trial transcripts, and other official

records. *See* Sandler Def. Dep. I Ex. 4 (complete copy of *Help Us Get Mia* ("*Help Us Get Mia*")).

DENIED. *See* Exhibit A at 20:11-16 ("I would take the material that they gave me, transcribe it onto the computer, put it in the order that seemed to make the most sense, making sure that the grammar was correct, and then return it to them for their approval. And that was it."), 26:4-6 (not the author of the book).

78. According to Ralph and Maureen Calcagni, they hired Peter Mars to provide independent fact-checking and editing services for *Help Us Get Mia*. M. Calcagni Dep. I at 58:12-15, 162:12-15; M. Calcagni Dep. II at 7:13-25 – 8:1-2, 123-124.

QUALIFIED. Defendant ADMITS that Maureen Calcagni testified that she hired Mr. Mars to provide independent fact-checking services. Defendant DENIES that Maureen Calcagni testified that she hired Mr. Mars to provide editing services. *See* M. Calcagni Dep. II at 123:17-19 ("Q: Was it your understanding that Mr. Mars was editing the book? A: No."). Defendant further DENIES the statement to the extent it is attributed to Ralph Calcagni; the statement does not cite supporting testimony or other admissible evidence from Mr. Calcagni.

79. Mars did not dispute during his deposition that he left the Calcagnis with the impression that he would fact-check and edit *Help Us Get Mia*. Mars Dep. at 169-171 (171:14-15 "I think they thought I was going to contact people, but I didn't."), 202:13-18 ("Q. You never intended to talk to any of the witnesses? A. No. Q. But I think you indicated you didn't tell the Calcagnis that. So far as you know, it was their impression that you were going to. A. That was probably their impression."; Segal Decl., Ex. EE (e-mail exchange between Mars and Maureen Calcagni regarding factual support for *Help Us Get Mia* and discussed at Mars Dep. 169:1-14, 170:25 – 171:1-15).

DENIED. *See* Exhibit A at 171:14-15 ("contact people…" but not "fact-check" or "edit"), 202:13-18 (probably Calcagni's impression Mars would "talk to" witnesses, but not "fact-check" or "edit").

Dated: April 3, 2008

/s/ J. William Druary Jr.
J. William Druary, Jr., Esquire
Attorney for Defendant Peter Mars
Marden, Dubord, Bernier & Stevens
44 Elm Street; POB 708
Waterville, ME 04903-0708
(207) 873-0186