UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

SHANA SANDLER,                )
                              )
        Plaintiff             )
                              )
    v.                        )
                              )
MIA CALCAGNI, RALPH CALCAGNI, )   Case No. 1:07-CV-00029
MAUREEN CALCAGNI, PETER MARS, )
and BOOKSURGE, LLC            )
                              )
        Defendants            )

## RESPONSE OF DEFENDANTS RALPH AND MAUREEN CALCAGNI TO DEFENDANT BOOKSURGE, LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Defendants Ralph and Maureen Calcagni have adopted by reference the arguments presented in support of Defendant BookSurge, LLC's Motion for Summary Judgment with the exception of Section III(A) of BookSurge's memorandum. The Calcagnis further adopt BookSurge's Statement of Material Facts in Support of Motions for Summary Judgment, except as noted below. In responding to the following specific paragraphs, the Calcagnis note that their qualified answers should have no effect on the validity of either BookSurge's motion for summary judgment or their own:

25. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

26. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

36. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

37. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

43. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

44. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

45. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

46. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

49. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

50. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

51. QUALIFIED

The Calcagnis admit all of this statement except for references to Mia Calcagni. All references to Mia Calcagni are based on hearsay and therefore cannot be considered pursuant to Rule 56(e) of the Federal Rules of Civil Procedure. In accordance with Local Rule 56(e), the Calcagnis ask that specific references to Mia Calcagni be stricken.

54. QUALIFIED

Mia Calcagni was charged with a juvenile offense involving the elements of criminal mischief.

55. QUALIFIED

Mia Calcagni was charged with a juvenile offense involving the elements of criminal mischief.

ADDITIONAL STATEMENTS OF MATERIAL FACT

56. In retaining Defendant Peter Mars to write the book Help Us Get Mia, Defendants Maureen and Ralph Calcagni desired to describe the shortcomings of the Winthrop school system, the Winthrop Police Department, and other public officials, all of whom failed to act effectively in stopping the harassment of their daughter, Mia Calcagni. Affidavit of Ralph A. Calcagni, dated April 9, 2008 and Affidavit of Maureen Calcagni, dated April 9, 2008.

57. Maureen and Ralph Calcagni had no motivation to cause pain or distress to Plaintiff Shana Sandler. Their entire motivation was to publicize the failure described in Statement of Fact No. 56 above. Affidavit of Ralph A. Calcagni, dated April 9, 2008 and Affidavit of Maureen Calcagni, dated April 9, 2008.

58. The Winthrop authorities' failures could not be described without detailed reference to Plaintiff Shana Sandler. Affidavit of Ralph A. Calcagni, dated April 9, 2008 and Affidavit of Maureen Calcagni, dated April 9, 2008.

Dated at Bangor, Maine this 14th day of April, 2008

*/s/ Bruce C. Mallonee, Esq.*
Bruce C. Mallonee, Esq.
RUDMAN & WINCHELL
Attorney for Defendants Mia Calcagni,
Ralph Calcagni, and Maureen Calcagni
84 Harlow Street, P.O. Box 1401
Bangor, Maine 04402-1401
Telephone: (207) 947-4501
bmallonee@rudman-winchell.com

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Response of Defendants Ralph and Maureen Calcagni to Defendant Booksurge, LLC's Statement of Material Facts in Support of Motion for Summary Judgment, upon counsel of record by electronic mail, on the 14th day of April, 2008, addressed to:

Bernard J. Kubetz, Esq.  
Eaton Peabody  
Fleet Center – 80 Exchange Street  
P.O. Box 1210  
Bangor, ME 04402-1210  
Tel: 947-0111  
Email: bkubetz@eatonpeabody.com

J. William Druary, Esq.  
Marden, Dubord, Bernier & Stevens  
44 Elm Street, P.O. Box 708  
Waterville, ME 04903  
Tel.: (207) 873-0186  
FAX: (207) 873-2245  
Email: bdruary@mardendubord.com

Matthew J. Segal, Esq.  
Kirkpatrick & Lockhart  
Preston Gates Ellis, LLP  
925 Fourth Ave., Suite 2900  
Seattle, WA 98104-1158  
Tel.: 206-370-7595  
Email: matthew.segal@klgates.com

Steven P. Wright, Esq.  
Kirkpatrick & Lockhart  
Preston Gates Ellis, LLP  
State Street Financial Center  
One Lincoln Street  
Boston, MA 02111-2950  
Tel.: 617-261-3164  
Email: steven.wright@klgates.com

Harold J. Friedman, Esq.  
Friedman, Gathwaite, Wolf & Leavitt, LLP  
Six City Center  
Portland, ME 04112  
Tel: (207) 761-0900  
Email: hfriedman@fgwl-law.com

                                      */s/ Bruce C. Mallonee*  
                                      Bruce C. Mallonee, Esq.