UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANA SANDLER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MIA CALCAGNI, RALPH CALCAGNI, ) | Case No. 1:07-CV-00029 |
| MAUREEN CALCAGNI, PETER MARS, ) | |
| and BOOKSURGE, LLC ) | |
| ) | |
| Defendants ) | |

### DEFENDANTS RALPH AND MAUREEN CALCAGNIS' OPPOSITION TO PLAINTIFF SHANA SANDLER'S MOTION TO STRIKE DEFENDANTS CALCAGNIS' MOTION FOR SUMMARY JUDGMENT

Defendants Ralph and Maureen Calcagni oppose Plaintiff Shana Sandler's Motion to Strike their Motion for Summary Judgment. They submit the following memorandum in support of their opposition.

On October 29, 2007, the Court established March 11, 2008, as the deadline for parties to file all motions and memoranda. (See Docket Entry No. 63). By Order dated March 12, 2008, the Court extended Defendant BookSurge's deadline to file its dispositive motion to March 17, 2008. (See Docket Entry No. 95). In compliance with the Court's Order, Defendant BookSurge filed its Motion for Summary Judgment on all Claims of Plaintiff Shana Sandler on March 17, 2008. (See Docket Entry No. 96 (redacted version) and No. 103 (unredacted version)).

On March 17, 2008, Defendant Peter Mars joined in Defendant BookSurge's Motion for Summary Judgment, adopting all arguments presented in BookSurge's Memorandum of Law with the exception of Section III(A). (See Docket Entry No. 104). On April 14, 2008, the

{R0477236.1  49252-053567 }

Calcagnis also joined in Defendant BookSurge's Motion for Summary Judgment, stating as follows:

> In support their motion, the Calcagnis adopt all arguments presented in Defendant BookSurge, LLC's Memorandum of Law in Support of its Motion for Summary Judgment except for Section III(A).

On the same date, April 14, 2008, Plaintiff Sandler filed her opposition to BookSurge's Motion for Summary Judgment. In her opposition memorandum, Plaintiff Sandler specifically recognized that Defendant Mars's motion "does not raise separate or additional claims of those made by Defendant Booksurge . . ." Plaintiff Sandler therefore responded to the two motions together. (See Docket Entry No. 129, p. 1, fn. 1). Her response did not mention that Defendant Mars's deadline for filing dispositive motions had not been enlarged in the Court's Order of March 12, 2008.

On April 15, 2008, Plaintiff Sandler responded to the Calcagnis' Motion for Summary Judgment by moving to strike the motion as untimely. Plaintiff's Motion to Strike did not mention that the Calcagnis' motion is identical to Defendant Mars's motion. It is identical to Defendant Mars's motion, however, and therefore any argument relevant to Defendant Mars's motion, or to BookSurge's motion, applies equally to the Calcagnis' motion.

Plaintiff Sandler's Motion to Strike should be denied for the following reasons:

1. The Calcagnis' motion was timely.

Although it was not an "opposition," the Calcagnis' joinder in BookSurge's motion was filed as a timely response to that motion. It was filed at the same time as their response to Defendant Mars's cross motion for summary judgment, in accordance with the Court's Order of March 19, 2008.

2. A motion to enlarge time would have been a waste of time.

In footnote 1 to her motion, Plaintiff notes that the Calcagnis could have moved for an enlargement of time to file their joinder with BookSurge's Motion for Summary Judgment. This is true; all along, the Calcagnis expected to use BookSurge's summary judgment efforts to their own advantage. In view of the previously established deadlines for responsive pleadings, however, an additional motion specifically seeking an enlargement of time in order to join an existing motion for summary judgment would have been a waste of time in a case that has already required a large investment of time by Court, parties, and counsel. See Fed. R. Civ. P. 1 (requiring the Federal Rules of Civil Procedure to "be construed and administered[1] to secure the just, speedy, and inexpensive determination of every action.").

3. Plaintiff is not prejudiced by the Calcagnis' filing, even if it was late.

Plaintiff does not even attempt to show prejudice resulting from filing of the Calcagnis' joinder in BookSurge's motion on April 14, 2008 rather than on March 17, 2008. Plaintiff Sandler's response to Defendant Mars's identical motion demonstrates to the contrary.

4. It would be a judicial anomaly to grant summary judgment to BookSurge and require the Calcagnis to go to trial on identical facts and legal theories.

As noted in Celotex Corp. v. Cartrett, 477 U.S. 317, 327 (1986), "Summary Judgment is not a disfavored procedural shortcut, but rather, [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" (quoting Fed. R. Civ. P. 1).

Accordingly, Defendants Ralph and Maureen Calcagni ask that Plaintiff Sandler's Motion to Strike be denied, that she be required to respond to their motion, and that summary judgment be granted in their favor if the Court determines they are legally entitled to that remedy.

---

[1] The Advisory Committee Notes explain that the purpose of adding the words "and administered" to the second sentence [per 1993 Amendment] is to recognize the affirmative duty of the court to exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay.

Dated at Bangor, Maine this 1st day of May, 2008

                                       ***/s/ Bruce C. Mallonee, Esq.***
                                       Bruce C. Mallonee, Esq.
                                       RUDMAN & WINCHELL
                                       Attorney for Defendants Mia Calcagni,
                                       Ralph Calcagni, and Maureen Calcagni
                                       84 Harlow Street, P.O. Box 1401
                                       Bangor, Maine  04402-1401
                                       Telephone: (207) 947-4501
                                       bmallonee@rudman-winchell.com

CERTIFICATE OF SERVICE

       I hereby certify that I served a copy of Defendants Ralph And Maureen Calcagnis' Opposition to Plaintiff Shana Sandler's Motion to Strike Defendants Calcagnis' Motion for Summary Judgment, upon counsel of record by electronic mail, on the 1st day of May, 2008, addressed to:

| | |
|---|---|
| Bernard J. Kubetz, Esq.<br>Eaton Peabody<br>Fleet Center – 80 Exchange Street<br>P.O. Box 1210<br>Bangor, ME 04402-1210<br>Tel: 947-0111<br>Email: bkubetz@eatonpeabody.com | J. William Druary, Esq.<br>Marden, Dubord, Bernier & Stevens<br>44 Elm Street, P.O. Box 708<br>Waterville, ME 04903<br>Tel.: (207) 873-0186<br>FAX: (207) 873-2245<br>Email: bdruary@mardendubord.com |

Matthew J. Segal, Esq.
Kirkpatrick & Lockhart
Preston Gates Ellis, LLP
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Tel.: 206-370-7595
Email: matthew.segal@klgates.com

Steven P. Wright, Esq.
Kirkpatrick & Lockhart
Preston Gates Ellis, LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111-2950
Tel.: 617-261-3164
Email: steven.wright@klgates.com

Harold J. Friedman, Esq.
Friedman, Gathwaite, Wolf & Leavitt, LLP
Six City Center
Portland, ME 04112
Tel: (207) 761-0900
Email: hfriedman@fgwl-law.com


                                                */s/ Bruce C. Mallonee*
                                                Bruce C. Mallonee, Esq.