UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

| | |
|---|---|
| SHANA SANDLER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:07-CV-00029-GZS |
| ) | |
| MIA CALCAGNI, ) | |
| RALPH CALCAGNI, ) | |
| MAUREEN CALCAGNI, ) | |
| PETER MARS, ) | |
| and ) | |
| BOOKSURGE, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## BOOKSURGE, LLC'S REPLY MEMORANDUM
## FOR SUMMARY JUDGMENT ON CROSS-CLAIM
## OF DEFENDANTS RALPH AND MAUREEN CALCAGNI

Defendant BookSurge, LLC ("BookSurge") files this reply memorandum in support of its Motion for Summary Judgment on Cross-Claim of Defendants Ralph and Maureen Calcagni (Dkt. No. 97) ("BookSurge's Cross-Claim Motion") pursuant to Federal Rule of Civil Procedure 56 and Local Rules 7(c) and 56. The Calcagnis' one-sentence response (Dkt. No. 125) to BookSurge's motion merely adopts the arguments in Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 87). This "response" cannot defeat summary judgment because it "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir. 1993) ("nonmovant . . . bears the burden of

1

placing at least a single material fact into dispute after a moving party offers evidence of the absence of a genuine issue").

Claims for indemnification and contribution under Maine law require the showing of multiple elements. *See* BookSurge's Cross-Claim Motion at 3, 5. The motion adopted by the Calcagnis does not address or even reference these elements. Nothing in Plaintiff's motion says anything about a purported contractual or common law basis for BookSurge to indemnify the Calcagnis, nor does it address why BookSurge would allegedly be the cause of any damages the Calcagnis might owe.[1]

Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 87) is non-responsive to BookSurge's separate motion against the Calcagnis for dismissal of their cross-claim. As a result, BookSurge's Motion for Summary Judgment on Cross-Claim of Defendants Ralph and Maureen Calcagni (Dkt. No. 97) should be granted.

Respectfully submitted,

BOOKSURGE, LLC

By its attorneys,

/s/ Matthew J. Segal
Stephen A. Smith (Pro Hac Vice)
Matthew J. Segal (Pro Hac Vice)
Kari Vander Stoep (Pro Hac Vice)
Kirkpatrick & Lockhart Preston
   Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104

Harold J. Friedman
Friedman, Gaythwaite, Wolf & Leavitt
P.O. Box 4726
6 City Center
Portland, Maine  04112

May 5, 2008

K:\2040741\00191\20743_KLV\20743P20GA

---

[1] Plaintiff's motion also does not justify the untimely filing of the Calcagnis' cross-claim against BookSurge. BookSurge's Cross-Claim Motion at 2 n.2.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

| | |
|---|---|
| SHANA SANDLER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MIA CALCAGNI, )<br>RALPH CALCAGNI, )<br>MAUREEN CALCAGNI, )<br>PETER MARS, )<br>and )<br>BOOKSURGE, LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:07-CV-00029-GZS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Dawn M. Taylor
Dawn M. Taylor, Legal Assistant