UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

| | |
|---|---|
| SHANA SANDLER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MIA CALCAGNI, )<br>RALPH CALCAGNI, )<br>MAUREEN CALCAGNI, )<br>PETER MARS, )<br>and )<br>BOOKSURGE, LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:07-CV-00029-GZS |

## BOOKSURGE, LLC'S REPLY STATEMENT OF MATERIAL FACTS TO DEFENDANTS RALPH AND MAUREEN CALCAGNI

BookSurge, LLC ("BookSurge"), pursuant to LR 56(d) & (e), does hereby set forth its Reply Statement of Material Facts to Response of Defendants Ralph and Maureen Calcagni to Defendant BookSurge, LLC's Statement of Material Facts in Support of Motion for Summary Judgment (Dkt. No. 128).

Defendants Ralph and Maureen Calcagni (the "Calcagnis") moved to strike the references to Mia Calcagni in ¶¶ 25, 26, 36, 37, 43, 44, 45, 46, 49, 50, and 51 of BookSurge, LLC's Local Rule 56(b) Statement of Material Facts in Support of Motions for Summary Judgment (Dkt. No. 102/106) ("BSMF"), solely on the grounds that any references to Mia Calcagni ("Ms. Calcagni") are purportedly hearsay. BookSurge responds to the motions to strike as follows:

25. This statement of material fact rests upon records that would be admissible pursuant to the business records and official records exceptions to the hearsay rule. *See*

1

F.R.E. 803(6) & (8); Declaration of Matthew J. Segal ("Segal Decl.") (Dkt. 98/105), ¶¶ 3, 8 & Ex. D (Winthrop High School superintendent's records custodian declaration). The declarant of the statements at issue within some of the documents was Ms. Calcagni, a party opponent (F.R.E. 801(d)(2)(A)). Moreover, to the extent that these records contain hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statement for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information about what was purportedly said and recorded in official records, and evidence of official investigations into matters involving Ms. Calcagni (BookSurge's Motion at 14).

26. This statement should not be stricken for the reasons provided with respect to ¶ 25.

36. This statement should not be stricken because it does not include any references to Ms. Calcagni as claimed by the Calcagnis' response. Furthermore, the record referenced in the statement and any statements within that record are admissible based on the business and official records exceptions (F.R.E. 803(6) & (8); Segal Decl., ¶¶ 3, 8 & Ex. D) and are not hearsay because the record is a statement of the Calcagnis, a party opponent (F.R.E. 801(d)(2)(A)). Finally, the record is not hearsay because BookSurge is not offering the record to establish the truth of matters asserted therein. F.R.E. 801(c). The record is submitted to demonstrate that an appeal was filed.

37. This statement should not be stricken for the reasons provided with respect to ¶ 25.

43. This statement of material fact rests upon a record that would be admissible based on the business and official records exceptions (F.R.E. 803(6) & (8));

Segal Decl., ¶¶ 10-12. To the extent that this record contains hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statement for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information about the official investigations that led to the writing of *Help Us Get Mia*. BookSurge's Motion at 3-4. In other words, the records are submitted to show what was investigated and what the investigators concluded, rather than to establish the truth of the underlying events.

44. This statement of material fact rests upon a record that would be admissible based on the business and official records exceptions (F.R.E. 803(6) & (8)); Segal Decl., ¶¶ 10-12. To the extent that this record contains hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information about the official investigations that led to the writing of *Help Us Get Mia*. BookSurge's Motion at 3-4. In other words, the records are submitted to show what was investigated and what the investigators concluded, rather than to establish the truth of the underlying events.

45. This statement of material fact rests upon a record that would be admissible based on the business and official records exceptions (F.R.E. 803(6) & (8)); Segal Decl., ¶¶ 10-12. To the extent that this record contains hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information about the official investigations that led to the writing of *Help Us Get Mia*. BookSurge's Motion at 3. In other words, the records are submitted to

show what was investigated and what the investigators concluded, rather than to establish the truth of the underlying events.

46. This statement of material fact rests upon a record that would be admissible based on the business and official records exceptions (F.R.E. 803(6) & (8)); Segal Decl., ¶¶ 10-12. To the extent that this record contains hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information about the official investigations that led to the writing of *Help Us Get Mia*. BookSurge's Motion at 3-4. In other words, the records are submitted to show what was investigated and what the investigators concluded, rather than to establish the truth of the underlying events.

49. This statement of material fact rests upon records that would be admissible pursuant to the business and official records exceptions to the hearsay rule. *See* F.R.E. 803(6) & (8); Segal Decl., ¶¶ 5, 10-12 & Ex. A (Winthrop Police Department's record custodian declaration). To the extent that these records contain hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information on the official investigations and reports that led to the writing of *Help Us Get Mia* (BookSurge's Motion at 4) and evidence that the Winthrop Police Department investigated the disputes involving Ms. Calcagni and the swastika incident (BookSurge's Motion at 14). In other words, the records are submitted to show what was investigated and what was told to investigators, rather than to establish the truth of the

underlying events. In addition, the declarant of the statements in several of these documents was Ms. Calcagni, a party opponent (F.R.E. 801(d)(2)(A)).

50. This statement of material fact rests upon records that would be admissible pursuant to the business and official records exceptions to the hearsay rule. *See* F.R.E. 803(6) & (8); Segal Decl., ¶¶ 5, 10-12 & Ex. A (Winthrop Police Department's record custodian declaration). To the extent that these records contain hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information on the official investigation and records that led to the writing of *Help Us Get Mia* (BookSurge's Motion at 4) and evidence that the Winthrop Police Department and Maine Attorney General's Office investigated the disputes involving Ms. Calcagni and the swastika incident (BookSurge's Motion at 14). In other words, the records are submitted to show what was investigated and what was told to investigators, rather than to establish the truth of the underlying events. In addition, the declarant of the statements in several of these documents was Ms. Calcagni, a party opponent (F.R.E. 801(d)(2)(A)).

51. This statement of material fact rests upon records that would be admissible pursuant to the business and official records exceptions to the hearsay rule. *See* F.R.E. 803(6) & (8); Segal Decl., ¶¶ 5, 10-12 & Ex. A (Winthrop Police Department's record custodian declaration). To the extent that these records contain hearsay, the statements pertaining to Ms. Calcagni are admissible because BookSurge is not offering the statements for the truth of the matter asserted. F.R.E. 801(c). This statement of material fact provides information on the official investigation and records that led to the writing

of *Help Us Get Mia* (BookSurge's Motion at 4) and evidence that the Winthrop Police Department and Maine Attorney General's Office investigated the disputes involving Ms. Calcagni and the swastika incident (BookSurge's Motion at 14). In other words, the records are submitted to show what was investigated and what was told to investigators, rather than to establish the truth of the underlying events. In addition, the declarant of the statements in several of these documents was Ms. Calcagni, a party opponent (F.R.E. 801(d)(2)(A)).

    Respectfully submitted,

    BOOKSURGE, LLC

    By its attorneys,

/s/ Matthew J. Segal
Stephen A. Smith (Pro Hac Vice)
Matthew J. Segal (Pro Hac Vice)
Kari Vander Stoep (Pro Hac Vice)
Kirkpatrick & Lockhart Preston
 Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158

Harold J. Friedman
Friedman, Gaythwaite, Wolf & Leavitt
P.O. Box 4726
6 City Center
Portland, Maine 04112

May 5, 2008

K:\2040741\00191\20743_KLV\20743P20GG

6

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE AT BANGOR

| | |
|---|---|
| SHANA SANDLER, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>MIA CALCAGNI, )<br>RALPH CALCAGNI, )<br>MAUREEN CALCAGNI, )<br>PETER MARS, )<br>and )<br>BOOKSURGE, LLC, )<br>)<br>Defendants. )<br>) | Case No. 1:07-CV-00029-GZS |

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Dawn M. Taylor
Dawn M. Taylor, Legal Assistant