UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **SHANA SANDLER**, | ) <br> ) <br> ) |
| *Plaintiff* | ) <br> ) |
| v. | ) <br> ) Case No. 1:07-cv-00029 <br> ) |
| **MIA CALCAGNI** *et al*, | ) <br> ) |
| *Defendants* | ) <br> ) |

**PLAINTIFF'S REPLY MEMORANDUM TO DEFENDANTS
RALPH AND MAUREEN CALCAGNI'S OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Shana Sandler hereby submits her reply to Defendants Ralph and Maureen Calcagni's Opposition to Plaintiff's Motion to Strike Defendants Calcagnis' Motion for Summary Judgment (Docket No. 143).

**I.    SHANA SANDLER WILL BE PREJUDICED BY DEFENDANTS RALPH AND MAUREEN CALCAGNI'S MOTION FOR SUMMARY JUDGMENT.**

Plaintiff Shana Sandler ("Sandler") will be prejudiced if this Court permits the late filing of Defendants Ralph and Maureen Calcagni's ("Calcagnis") Motion for Summary Judgment.

Although the Calcagnis have attempted to piggyback on Defendant Booksurge's Motion for Summary Judgment (Docket No. 96), they filed their motion only two hours before Plaintiff filed her Memorandum in Opposition to Booksurge's Motion for Summary Judgment. This prevented Sandler from changing her Memorandum to address any issues that related to the Calcagnis that were separate and distinct from those related to Defendant Booksurge. Sandler will now have to spend additional time and money to draft a separate opposition. Sandler could

have responded to the Calcagnis' motion in her opposition to Booksurge's motion had she had more notice than two hours.

Plaintiff will also be prejudiced because there are issues related to the Calcagnis that are separate and distinct from the issues related to Defendant Booksurge. Although Defendants believe Sandler can simply adopt her Memorandum in Opposition to Booksurge's Motion for Summary Judgment as her memorandum in opposition to the Calcagni's Motion for Summary Judgment, there are a number of issues not shared by those two Defendants to which Plaintiff will be forced to respond. Defendant Booksurge is the publisher of *Help Us Get Mia* (the "Book"), but disagreement continues amongst the Calcagnis and Defendant Peter Mars over the identity of the putative author of the Book. Booksurge's role in publishing the defamatory statements and statements which violate Shana Sandler's right of privacy, its level of fault in publishing those statements, the availability of punitive damages for its role in the Book and the particular facts surrounding each of these issues have been argued. Plaintiff's position on these issues varies with respect to the Calcagnis, and neither the Calcagnis nor Booksurge have presented this Court with material facts as those issues related to the Calcagnis. Although there is a policy favoring summary judgment when appropriate, that policy is predicated upon having all the genuine issues of material fact before the court to permit the court to make the type of "speedy and inexpensive determination" promoted by summary judgment practice. *See, e.g., Celotex Corp. v. Cartrett*, 477 U.S. 317, 327 (1986). The Calcagnis cannot invoke this policy to permit them to late file their motion for summary judgment a full thirty-four (34) days after the Court-imposed deadline if they did not carry their burden of providing this Court with the issues and facts that are necessary for the Court to consider summary judgment as it relates to them.

Permitting the Calcagnis to file their motion for summary judgment more than a month beyond the Court's deadline prejudices the Plaintiff. It was only within hours of filing her opposition to Booksurge's Motion for Summary Judgment that Sandler had any notice that the Calcagnis were going to try to piggyback on that motion. Sandler had no opportunity to draft her opposition to address points in the Calcagni's motion the way she did with Defendant Mars' motion. Beyond the lack of notice, the level of issues not shared by Booksurge and the Calcagnis prevents Sandler from adopting her earlier opposition and forces her to expend resources to respond to this new motion – something that could have been avoided had the Calcagnis complied with this Court's deadline for dispositive motions. The Calcagnis had the same opportunity as all the other parties in this action to file a motion for summary judgment within the deadlines and chose not to. They now ask for a second bite at the apple – which puts Plaintiff at an unfair disadvantage.

## II. THE CALCAGNIS HAVE IDENTIFIED NO GOOD CAUSE FOR THEIR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING DEADLINE FOR DISPOSITIVE MOTIONS.

In urging this Court to deny Plaintiff's Motion to Strike Defendants Ralph and Maureen Calcagni's Motion for Summary Judgment and in opposing Plaintiff's Motion to Extend the Time to Respond to Defendant Ralph and Maureen Calcagni's Motion for Summary Judgment, neither the Calcagnis nor Defendant Booksurge have identified any good cause that should permit the Calcagnis to deviate from the Scheduling Order and file late motions without prior leave of Court.

This Court issued a standard Scheduling Order with deadlines, as subsequently modified, pursuant to Fed. R. Civ. P. 16(b). That Order, and the deadlines contained in it, cannot be modified "except upon a showing of good cause" and by prior leave of this Court. Fed. R. Civ.

P. 16(b)(8).  The Calcagnis attempt to circumvent this issue rather than address it.  For example, they argue that even though they filed their motion more than a full month after this Court's deadline for dispositive motions, it was timely.  This argument lacks merit.  The Calcagnis also argue that it would be in the interests of judicial economy to permit the inclusion of their Motion for Summary Judgment with the motions that are fully briefed, argued and pending before this Court.  As more fully stated above, Plaintiff will be severely prejudiced if the Calcagnis are permitted to file their motion beyond the deadline and will be additionally prejudiced if not given adequate time to respond to that motion.  What neither the Calcagnis nor Booksurge offer is good cause for the Calcagnis' failure to file a dispositive motion within the deadlines.  Without that showing, this Court should not now permit them to file this motion.

## CONCLUSION

For the reasons stated in Plaintiff's Motion to Strike Defendants Ralph and Maureen Calcagni's Motion for Summary Judgment, together with the reasons stated in this Reply Memorandum, Plaintiff requests that this Court strike the Calcagni's Motion for Summary Judgment.

Dated at Bangor, Maine, this 6th day of May, 2008.

                                    PLAINTIFF, Shana Sandler,

                                    By  */s/ Bernard J. Kubetz*
                                         Bernard J. Kubetz, Esq.
                                         Michael R. Clisham, Esq.
                                         EATON PEABODY
                                         P. O. Box 1210
                                         80 Exchange Street
                                         Bangor, Maine 04402-1210
                                         (207) 947-0111
                                         bkubetz@eatonpeabody.com
                                         mclisham@eatonpeabody.com

## CERTIFICATE OF SERVICE

I, Bernard J. Kubetz, hereby certify that on May 6, 2008, I electronically filed the foregoing Plaintiff's Reply Memorandum to Defendants Ralph and Maureen Calcagni's Opposition to Plaintiff's Motion to Strike with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Bruce Mallonee, Esq.
Rudman & Winchell, LLC
P.O. Box 1401
Bangor, ME 04402-1401
bmallonee@rudman-winchell.com

Harold J. Friedman, Esq.
Friedman, Gaythwaite Wolf & Leavitt
P. O. Box 4726
Portland, Maine 04112-4726
hfriedman@FGWL-law.com

Steven P. Wright, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
steven.wright@klgates.com

Matthew J. Segal, Esq.
Stephen A. Smith, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
matthew.segal@klgates.com

J. William Druary, Jr., Esq.
Marden, Dubord, Bernier & Stevens
P. O. Box 708
Waterville, Maine 04903-0708
bdruary@mardendubord.com

*/s/ Bernard J. Kubetz*
Bernard J. Kubetz