UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHANA SANDLER,<br><br>   *Plaintiff*<br><br>v.<br><br>MIA CALCAGNI *et al*,<br><br>   *Defendants* | Case No. 1:07-cv-00029 |

## PLAINTIFF'S RESPONSE TO BOOKSURGE'S REQUEST TO STRIKE

  Pursuant to Local Rule 56(e), Plaintiff Shana Sandler responds to and opposes Defendant Booksurge's request to strike certain statements of fact in Plaintiff's Statement of Additional Material Facts (Docket No. 130). Defendant Booksurge has moved to strike Statements of Additional Material Facts ¶¶ 59 – 62 on the grounds that (i) Plaintiff's expert, H. Allen Fernald, is not qualified to testify on the duties of self-publishers, and (ii) Mr. Fernald's opinions are legal conclusions. *Booksurge's Motion to Strike*, pp. 10-15. Contrary to Booksurge's arguments, Mr. Fernald has substantial experience in all areas of publishing, including self-publishing, and is qualified to testify on the duties, practices and standards of care observed by traditional and self-publishers.

  H. Allen Fernald is the Chairman of Down East Enterprise, Inc., which publishes 20 to 25 books a year. Plaintiff's Statement of Additional Material Facts ¶¶ 56, 58. Mr. Fernald has "specialized knowledge" that "will assist the trier of fact" in the area of self-publishing according to Booksurge's definition of that term. *See* Declaration of Michael R. Clisham in Support of

1

Plaintiff's Response to Motion to Strike, Ex. 1 (Jan. 2008 Fernald Deposition) at 26:17-23 ("Q. All right. Has Down East Enterprise done any self-publishing? A. Define self-publishing for me in that sense. Q. Okay. Let's put it this way: Does Down East accept payment from potential authors or contributors to print or publish material? A. Yes"). It is hard to understand how, in combing Mr. Fernald's deposition transcript for their request to strike, Booksurge missed this key passage. In addition to Mr. Fernald's experience with self-publishing, he also has nearly forty years experience in publishing, including the practices and standards observed in the publishing industry. Plaintiff's Statement of Additional Material Facts ¶¶ 56-57, 62.

The issue of Booksurge's status as a "print-on-demand" publisher versus a "traditional" publisher remains a distinction without merit. As more fully set forth in Plaintiff's Motion for Partial Summary Judgment (Docket No. 87), "publisher" has broad meaning in the defamation context and includes "any person who automatically republishes or distributes" defamatory material. *Batzel v. Smith*, 351 F.3d 904, 907 (9th Cir. 2003) (*citing* W. Page Keeton et al, *Prosser and Keeton on the Law of Torts* § 113 (5th Ed. 1984). There are "primary publishers" and "secondary publishers" or distributors, disseminators or transmitters. Beyond these main-line distinctions, as pointed out in Plaintiff's Motion for Summary Judgment, further differentiation is not made between so-called "traditional" publishers such as Random House, academic publishers such as Cambridge University Press, magazines, vanity presses, print-on-demand companies and the other types of publishers in the marketplace. To the extent they publish, republish or distribute defamatory material, they can be held legally liable for defamation regardless of the exact title they hold, or position they occupy in the literary marketplace.

The issue, as set forth in Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment (Docket No. 129), is one of negligence as defined by Maine law: what a

reasonably prudent person would do acting under like circumstances. *Penobscot Indian Nation v. Key Bank of Maine*, 112 F.3d 538, 560 (1st Cir. 1997). In this case, the issue is what a reasonable publisher would do when faced with possible publication of a manuscript that constitutes an invasion of privacy and is libelous. Mr. Fernald has knowledge that will assist the trier of fact on this key issue because he can explain how Booksurge's conduct in deciding to publish *Help Us Get Mia* fell below the standard of care of what a reasonably prudent publisher would do under the circumstances.

WHEREFORE, Plaintiff requests that this Court deny Defendant Booksurge's request to strike certain statements of fact in Plaintiff's Statement of Additional Material Facts.

Dated at Bangor, Maine, this 16th day of May, 2008.

PLAINTIFF, Shana Sandler,

By  */s/ Bernard J. Kubetz*
    Bernard J. Kubetz, Esq.
    Michael R. Clisham, Esq.
    EATON PEABODY
    P. O. Box 1210
    80 Exchange Street
    Bangor, Maine 04402-1210
    (207) 947-0111
    bkubetz@eatonpeabody.com
    mclisham@eatonpeabody.com

CERTIFICATE OF SERVICE

I, Bernard J. Kubetz, hereby certify that on May 16, 2008, I electronically filed the foregoing Response to Booksurge's Request to Strike with the Clerk of the United States District Court using the CM/ECF system, which will send notification of such filing to the following:

Bruce Mallonee, Esq.
Rudman & Winchell, LLC
P.O. Box 1401
Bangor, ME 04402-1401
bmallonee@rudman-winchell.com

Harold J. Friedman, Esq.
Friedman, Gaythwaite Wolf & Leavitt
P. O. Box 4726
Portland, Maine 04112-4726
hfriedman@FGWL-law.com

Steven P. Wright, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
steven.wright@klgates.com

Matthew J. Segal, Esq.
Stephen A. Smith, Esq.
Kirkpatrick & Lockhart Preston Gates Ellis LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
matthew.segal@klgates.com

J. William Druary, Jr., Esq.
Marden, Dubord, Bernier & Stevens
P. O. Box 708
Waterville, Maine 04903-0708
bdruary@mardendubord.com

*/s/ Bernard J. Kubetz*
Bernard J. Kubetz